## Scrimsher v. Southern National Bank.

(Decided October 12, 1911.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

Banks—Action by Bank Upon Note—Consideration.—In an action by a bank to enforce a lien upon certain property to satisfy a note, there being a good and valid consideration moving from the husband and wife to the bank in the execution of the mortgage, the chancellor properly directed a sale of the property to satisfy the debt.

KENNEY & THOMAS for appellant.

BENNET H. YOUNG, MARION W. RIPY for appellee.

Opinion of the Court by Judge Lassing—Affirming.

On February 20, 1904, F. M. Scrimsher and Julia A. Scrimsher, his wife, executed to the Southern National Bank, of Louisville, Kentucky, their promissory note for $4,525, due in six months with six per cent. interest from date until paid; and to secure said note executed and acknowledged to said bank, in due form, a mortgage upon a certain lot of real estate in Louisville, Kentucky. Thereafter Scrimsher died. The note matured, and, not having been paid, the bank instituted a suit, wherein it sought to have the mortgage foreclosed. There was a certificate of deposit in the name of the wife, Julia A. Scrimsher, in said bank, and the bank sought to subject this deposit to the satisfaction in part of its debt. The defendant, Julia A. Scrimsher, answered, pleaded her coverture, failure of consideration for the note, set up the fact that she was the owner of the property described in the mortgage, and denied the right of the bank

to subject it to the payment of its debt, which she alleged was the debt of her husband, contracted long prior to the date of the execution of the mortgage. Issue was joined upon the material allegations of the pleadings, and thereafter plaintiff tendered, and was permitted to file, an amended petition, in which it pleaded that prior to the date of the execution of the mortgage F. M. Scrimsher, who owned the property, and his wife, had transferred it without consideration to Frank Anderson, a relative, and had caused him without consideration to retransfer said property to the defendant, and that the plaintiff, having learned of these fraudulent transfers, notified Scrimsher that, unless its debt was secured by a mortgage on this property, it would proceed to attack the conveyances as fraudulent; and that thereupon the said Scrimsher and his wife executed the mortgage in question. The allegations of the amended petition were traversed in an amended answer. Proof was taken and the case submitted for judgment. Upon a final hearing the court found in favor of plaintiff, and directed the mortgaged property sold to satisfy the balance of the debt remaining unpaid. No personal judgment was given against the defendant.

All question as to the right of the defendant to the money represented by the certificate of deposit has been amicably disposed of, and the only question here is the correctness of the court's ruling in subjecting the mortgaged property in satisfaction of plaintiff's debt. We have but little difficulty upon this point. Defendant testified in her own behalf, and on cross-examination, without objection, she stated that the property in question belonged to her husband; that at the time of its transfer by herself and husband to Anderson, their relative, who then lived in New York, her husband was the owner of stock in a company which they believed to be in straightened circumstances, and, fearing that an assessment would be levied against said stock and he, as the owner thereof, would be required to pay it, they made the transfer substantially as charged in the amended pleading filed by the bank. She admitted also that the mortgage was executed by herself and husband in order to keep the bank from attacking these conveyances as fraudulent.

Without elaboration it is sufficient to say that the property in question being in fact the property of the husband, although the title had been put

in the wife, the bank could without difficulty, have subjected it at that time in satisfaction of its debt. In order to keep it from doing so a mortgage was executed. This was ample consideration and the chancellor correctly so held.

The authorities cited and relied upon by appellant in no wise militate against this position; nor is ground of complaint afforded because the chancellor refused to order a sale of certain stocks which, it is charged, the bank also held as collateral security for this debt. The stocks, when the claim of the bank is satisfied, are the property of the estate of appellant's husband, and if, as is alleged, there is little or no demand for them on the market, the failure of the chancellor to direct their sale in no wise prejudices appellant. The bank had a right under its mortgage to look to this particular piece of property described therein for the satisfaction of its debt

From the conclusion which we have reached, to-wit, that there was a good and valuable consideration moving toward appellant and her husband from the bank in the execution of this mortgage, it becomes unnecessary to consider the other questions raised.

Judgment affirmed.